1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

PETTER INVESTMENTS, INC. d/b/a RIVEER,

11

Plaintiff,

12

13

vs.

14

15

16

HYDRO ENGINEERING, INC., ENVIREMEDIAL SERVICES, INC., CALIFORNIA CLEANING SYSTEMS, and J&S EQUIPMENT,

17

18

Defendants.

CASE NO. 13-cv-1235 BEN (WMc)

**ORDER ON:**

**(1) DEFENDANT HYDRO ENGINEERING'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD IN RESPONSE TO COMPLAINT [ECF NO. 6]**

**(2) DEFENDANT CA CLEANING SYSTEMS' MOTION TO JOIN HYDRO'S REQUEST [ECF No. 15]**

19

20        Two motions are before the Court: (1) Defendant Hydro Engineering, Inc.'s

21 ("Hydro") motion for an extension of time to answer or otherwise plead in response

22 to Plaintiff's complaint; and (2) Defendant CA Cleaning Systems, Inc.'s ("CCS")

23 motion to join Hydro Engineering's request for more time.  The Court resolves both

24 motions without a hearing pursuant to Civil Local Rule 7.1.d.1.

25        Plaintiff Petter Investments, Inc. filed a complaint on May 24, 2013 against

26 Hydro; CCS; J&S Equipment ("J&S"); and Enviremedial Services, Inc.  Hydro was

27 served on May 29, 2013.  Its deadline to answer or otherwise plead in response was

28 June 19, 2013.  CCS was served on June 6, 2013.  Its deadline to answer or

otherwise plead in response was June 27, 2013.

On June 18, 2013, Hydro moved for more time.  Hydro asserts that CCS and J&S are both "Hydro indemnified customers" and it asks the Court to "extend the time to answer or otherwise plead in response to Plaintiff's complaint up to and including a future date after each Hydro-related defendant (California Cleaning Systems and J&S Equipment) has been properly served, or in the alternative grant a thirty (30) day extension up to and including July 19, 2013."  Hydro states that it should be permitted to file "a single, harmonized answer or response" to the complaint along with CCS and J&S.  It also states that it is engaged in other litigation with Plaintiff, and that its counsel is also engaged in other matters, which justifies an extension.  The Court invited Plaintiff to respond, indicating that it would resolve the matter on the papers.  Plaintiff filed an opposition, arguing that the Court should deny an extension, or at minimum limit any extension to the filing of an answer under Fed. R. Civ. P. 12(a)(1)(A)(i), excluding any motion under Fed. R. Civ. P. 12(b).

On June 25, 2013, CCS moved to join Hydro's request for more time.  CCS is represented by the same counsel as Hydro.

Civil Local Rule 12.1 provides that "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good cause."  "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'"  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted).

//

//

//

1   The Court will give Hydro and CCS up to and including **July 19, 2013** to

2   answer or otherwise plead in response to Plaintiff's complaint.  The Court denies the

3   moving parties' requests to tie their deadlines to the dates of service for other parties

4   and it denies Plaintiff's request to categorically limit the form of Hydro's filing.

5       **IT IS SO ORDERED**.

6

7   DATED: June 27, 2013

8

9

10  _____

    Hon. Roger T. Benitez

11  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28